VANCE, Justice,
dissenting.
Respectfully, I dissent.
When the activities of Surrogate Parenting Associates are placed in their best light by the majority, the fact remains that its primary purpose is to locate women who will readily, for a price, allow themselves to be used as human incubators and who are willing to sell, for a price, all of their parental rights in a child thus born.
The parties stipulate that a surrogate mother is paid a fee, part of which is paid to the mother before delivery of the child, and the rest to be paid after she carries the child to term and upon entry of a judgment terminating her parental rights. In other words, a portion of the fee is paid in advance for the use of her body as an incubator, but a portion of the payment is withheld and is not paid until her living child is delivered unto the purchaser, along with the equivalent of a bill of sale, or quit-claim deed, to wit — the judgment terminating her parental rights. How can it be denied that this last portion of the payment is in fact a payment for the baby, because if the baby is not delivered and parental rights not surrendered, the last part of the fee need not be paid.
Whether or not the transaction is for the purpose of adoption or otherwise is immaterial. It violates K.R.S. 199.590 in either event.
K.R.S. 199.590(2) provides:
“No person, agency, institution or intermediary may sell or purchase or procure for sale or purchase any child for the purpose of adoption or any other purpose, including termination of parental rights_” (Emphasis added.)
It is stipulated that Surrogate Parenting Associates is an intermediary which offers to assist infertile couples in obtaining a child biologically related to the father through the process of artificial insemination of a surrogate mother. I view the subsequent delivery of the child together with an agreed judgment terminating the parental rights of the natural mother in exchange for a monetary consideration to be no less than the sale of a child. It cannot be gainsaid that Surrogate Parenting Associates is an intermediary in this process, and thus it violates the statute. The revocation of its Charter is therefore appropriate.
I would affirm the Court of Appeals.